**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| HENRY W. SEGAR, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 77-81(EGS) |
| v. | ) ) | |
| ALBERTO GONZALES, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs have filed an application for a preliminary injunction, seeking a declaration that Defendants' (collectively, the United States Drug Enforcement Agency, or "the DEA") recent promotion of Mark Destito to a Senior Executive Service ("SES") position in Ankara, Turkey violates this Court's 2006 Order regarding SES promotions. Defendants contend that they have fully complied with the order and that there are no grounds for an injunction. For the reasons stated herein, the Court concludes that defendants' promotion decision did not violate the Court's 2006 Order, and therefore plaintiffs' application for a preliminary injunction is **DENIED**.

### BACKGROUND

The Court recounted the full history of this litigation in its last opinion in 2006, and need not do so again. *See Segar v. Ashcroft*, 422 F. Supp. 2d 117, 120-26 (D.D.C. 2006). In that

1

decision, at issue was plaintiffs' motion for an injunction, which was initiated in response to the DEA's promotion of Special Agent Mary Cooper to the SES where Cooper had not submitted an application or been rated and ranked and placed on the list sent to the DEA Administrator.  *Id.* at 125.  At that time, the DEA had been operating under a stipulation, reached by the parties in 2002, which controlled the promotion process for SES positions.  *Id.* at 124-25.

The Court held a bench trial regarding the proper interpretation of this stipulation in 2004 and 2005.  The Court concluded that there had been "no meeting of the minds" between the parties with regard to "whether the [DEA] Administrator could promote a Special Agent to the SES who had not applied for such a promotion," and therefore that the 2002 stipulation was "not a binding, enforceable consent decree."  *Id.* at 157.  "As a result, the parties [were] back in the position they were in before the Stipulated Procedures were entered, and DEA must satisfy the Court that it has complied with this Court's order of February 6, 1981, affirmed by the Court of appeals . . . to 'implement effective, non-discriminatory . . . promotion systems.'"  *Id.*  For that reason, the Court sought to craft an interim limitation on the promotion process "until such time as the parties are able to agree on a binding consent decree or this dispute is otherwise resolved."  *Id.*  Thus, the Court ordered that the "DEA shall not

promote any special agent to the SES who has not applied, been rated and ranked, and placed on a list of qualified applicants provided to the Administrator, without 30 days' prior notice to this Court and without prior approval of this Court." *Id.* (Order accompanying opinion). This decision is currently on appeal, but the Court's order remains in effect during the pendency of the appeal.

The relevant facts regarding Destito's promotion are not in dispute. On November 9, 2006, the DEA issued a vacancy announcement for the Ankara SES position. Applicants were instructed to submit materials by November 27, 2006. Thirteen individuals submitted applications. Deputy Administrator Michele Leonhart's office sought additional qualifications statements from each applicant. An analysis of each applicant's domestic supervisory and foreign experience resulted in ranking of the candidates as best qualified, medium qualified, and minimally qualified. Deputy Administrator Leonhart consulted with the supervisors of the candidates that made the best and medium qualified lists, and created a short list of best qualified candidates. From this list, the Administrator chose the selectee, Special Agent Destito. Destito's promotion was announced on May 1, 2007, but will not take effect for at least 60 days from May 31, 2007. Plaintiffs filed their application for a preliminary injunction on June 1, 2007.

## ANALYSIS

To obtain a preliminary injunction, a party must demonstrate that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury in the absence of preliminary relief; (3) other interested parties will not be substantially injured if the requested relief is granted; and (4) granting such relief would serve the public interest. *See Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C. Cir. 2001). The likelihood of success requirement is the most important of these factors. *Id.* at 688. The D.C. Circuit has further explained that "[t]hese factors interrelate on a sliding scale and must be balanced against each other." *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998).

The primary dispute between the parties is over the likelihood of plaintiffs' success on the merits, i.e. whether the DEA violated the Court's 2006 Order. Defendants contend that they complied with the order because Destito was promoted after he applied, had been rated and ranked, and was placed on a list of qualified applicants provided to the Administrator. Thus, they argue that there was no need for notice or approval by the Court under the terms of the order. Plaintiffs contend that the promotion was improper because defendants have not demonstrated that its promotion process is non-discriminatory. Defendants respond by arguing that its process was non-discriminatory, and

that in any event, the Court's order did not impose an obligation to validate its promotion procedures before using them.

The initial, and ultimately dispositive, question is whether the Court's 2006 Order imposed requirements on promoted DEA agents other than they (1) applied, (2) were rated and ranked, and (3) were placed on a list of qualified applicants provided to the Administrator. The plain language of the Court's order does not impose any other requirements. Plaintiffs believe that other requirements must be read into the Court's language because of the DEA's ultimate obligation under the Court's 1981 order to implement an effective and non-discriminatory promotion process.

A close reading of the Court's 2006 opinion, however, refutes plaintiffs' position. First, the Court was not attempting to craft a final remedy with regard to the SES promotion process. Rather, the Court's order was meant to be temporary, and will expire when "the parties are able to agree on a binding consent decree or this dispute is otherwise resolved." If the Court had required the DEA to immediately implement an effective, non-discriminatory procedure, there would be little need for the parties to further resolve the dispute. Second, the underlying promotion at issue in the 2006 opinion was that of Agent Cooper, who had not submitted an application, been rated and ranked, or placed on a list sent to the Administrator. The Court's order is an interim requirement intended to prevent the

recurrence of a completely ad hoc promotion such as Cooper's. Although there is not enough information to fully evaluate the appropriateness of the DEA's procedure to promote Destito, the procedure rectified the most obvious problems in Cooper's promotion and complied with the explicit terms of the Court's 2006 Order.  Therefore, the Court concludes that plaintiffs have no chance of success on the merits, and thus that a preliminary injunction should not be entered.  See *Katz*, 246 F.3d at 688.

## CONCLUSION

For the foregoing reasons, plaintiffs' application for a preliminary injunction is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
            United States District Judge
            July 10, 2007**

6