UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. SEGAR, et al., ) | |
|           Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 77-81 EGS |
| ) | |
| JEFFERSON B. SESSIONS, III and ) | |
| CHUCK ROSENBERG, ) | |
| ) | |
|           Defendants.¹ ) | |

## JOINT STATUS REPORT

The parties have conferred and pursuant to this Court's Minute Order issued on May 25, 2017, hereby submit this joint status report, informing the Court which objections to the December 8, 2014 Report and Recommendation ("Report" or "R&R") (Dkt. 395) have been resolved and which objections remain to be resolved.[2] The parties have different views as to which issues remain to be resolved, and therefore present their views separately, as follows.

### Plaintiffs' Position

Plaintiffs believe that DEA's April 6 and May 13, 2016 notices that it had reinstated the pre-2004 process for promotions from Grade 12 to Grade 13 (Dkt. 409 and 411) resolve Judge Facciola's recommendations that (1) DEA cease promotions to Grade 13 and (2) that DEA reinstate the pre-2004 promotion process. R&R at 9-10.

---

[1] Defendant(s) object(s) to Plaintiffs' caption of the case, which lists the DEA Acting Administrator, Chuck Rosenberg, as a Defendant. Plaintiffs addressed these arguments in Dkt. No. 320, at 2 n.1, and Dkt. 401, at 2 n.2.

[2] Objections to the December 8, 2014 Report were filed on February 2, 2015. *See* Dkt. 399. Responses to those objections were filed on February 17, 2015 (Dkt. 401), and a reply was filed on February 27, 2015. *See* Dkt. 402.

Plaintiffs believe that DEA's objections to the following recommendations remain at issue for resolution:

1. Cease all promotions to Grades 14 and 15 until validated procedures are in place;

2. Reconstitute the Working Group;[3]

3. Appoint a third-party vendor capable of validating promotion procedures;

4. Instate the December 9, 2008, agreement on promotions to Grades 14 and 15;

5. Continue oversight of DEA compliance;

6. Impose daily fines of $10,000 for failure to comply with these recommendations;

7. Award attorneys' fees for the period June 1996 to the present;[4] and

8. Calculate and award individual relief.[5]

Plaintiffs submit that DEA's change of promotion practices for GS-13 does not moot any other aspects of the report and recommendation or DEA's objections thereto, including Magistrate Judge Facciola's finding that DEA's use of non-validated procedures for promotion

---

[3] There are currently only two members on the Working Group. Plaintiffs' unopposed motion for Dr. Suzanne Tsacoumis to serve as their representative on the Working Group was granted on October 28, 2016. Dr. Tsacoumis has received a pre-employment security determination waiver that will allow her to begin working with the Working Group, and is awaiting her final security clearance. Furthermore, Defendants advised Plaintiffs on May 1, 2017 that Dr. Katherine Niles-Jolly has left the Segar Working Group. Plaintiffs agree that this issue will be resolved when Dr. Tsacoumis receives her final security clearance and Dr. Niles-Jolly is replaced.

[4] Defendants did not object to an award of fees. Rather, they stated that "any such fee request would need to be evaluated for reasonableness, proportionality, and for other [unspecified] legal and equitable considerations." *See* Dkt. 399 at 22. The Court should thus promptly rule that an award of fees is warranted, direct Plaintiffs to submit a detailed fee request within 60 days (as Judge Facciola recommended), and direct Defendants to either concede entitlement to the requested amount or lodge any objections within 60 days of Plaintiffs' submission.

[5] Although the Court simply requested each party's position on what issues remain to be resolved, Defendants spend much of their section, below, arguing the merits of the issues. Obviously, arguing the merits does not establish that those issues no longer require judicial resolution.

from Grade 12 to 13 from 2004 through the date of his report (and then continuing until 2016) violated this Court's orders; that DEA is required to use validated promotion procedures for promotions from Grade 12 to 13; and that the procedures used for promotions from Grade 12 to 13 are subject to oversight and monitoring by the Working Group and EEOMC, as well as judicial oversight from this Court.  Defendants' decade of disobedience regarding GS-13 promotions, moreover, remains a valid basis (among several) for granting Plaintiffs' request that Defendants be held in contempt.  *See* Dkt. 303 at 24-25.

Plaintiffs do not seek further briefing on this issue, nor do they believe that further briefing would be appropriate under the circumstances.  The motion now pending before the Court—the motion that engendered the report and recommendation—was filed over seven years ago.  *See* Dkt. 303.  Plaintiffs ask that the Court rule on the motion promptly so that the final resolution of this litigation can be brought closer.

## **Defendant's Position**

### **In response to certain of the enumerated points asserted above by Plaintiffs, Defendant advises as follows:**

Plaintiffs' Point 1.  Where Plaintiffs assert that the Court must resolve whether to cease all promotions to Grades 14 and 15 until validated procedures are in place, Defendant objects and notes that no finding of discrimination at the 14/15 level was found after an evidentiary hearing on the matter.  *See* Dkt. 399 at 13, *et seq*.

Plaintiffs' Point 2.  Reconstitution of the Working Group:  There are currently only two members on the Working Group.  Plaintiffs' unopposed motion for Dr. Suzanne Tsacoumis to serve as their representative on the Working Group was granted on October 28, 2016.  Dr. Tsacoumis has received a pre-employment security determination waiver that will allow her to begin working with the Working Group, and is awaiting her final security clearance.

Furthermore, Defendants advised Plaintiffs on May 1, 2017 that Dr. Katherine Niles-Jolly has left the Segar Working Group.

Plaintiffs' Point 4.  Instatement of the December 9, 2008, purported agreement on promotions to Grades 14 and 15.   Defendant disagrees that the December 9, 2008 document was an agreement in the first instance.  *See* Dkt. 399 at 15.

Plaintiffs' Point 6.  Imposition of daily fines of $10,000.  Defendant disputes that such fines should be imposed, disputes Plaintiffs' characterization of DEA's actions as a decade of disobedience, and disputes that there is any basis to find Defendant in contempt.  *See* Dkt. 399 at 23.

Plaintiff's Point 8.  Award attorneys' fees.  Defendant disputes that the parties ever reached a final agreement on this issue.  *See* Dkt. 399 at 22-23.  Rather, Defendant noted that if Plaintiffs could be viewed as the "prevailing party" for some portion of the litigation, it did not object to an award of fees, but that "any such fee request would need to be evaluated for reasonableness, proportionality, and for other [unspecified] legal and equitable considerations." *See* Dkt. 399 at 22.  The Court should direct Plaintiffs to submit a detailed fee request within 60 days (as Judge Facciola recommended), and direct Defendant to either concede entitlement to the requested amount or lodge any objections within 60 days of Plaintiffs' submission.  Defendant is willing to discuss Plaintiffs' request for fees even in advance of a formal fee petition being filed, so long as sufficient detailed information is shared.

**RESOLVED OBJECTIONS**

Defendant further submits that the following issues have been resolved, since the time that Defendant filed objections to the Report:

1. **Drug Enforcement Administration ("DEA") Special Agent Promotions to Grade 13**

The Report recommended reinstating the pre-2004 policy for promotions to Grade 13, with which both parties subsequently agreed. On May 13, 2016, Defendant filed a Supplemental Notice, with accompanying documents, reflecting a reinstatement of the promotion policy of promoting DEA Special Agents from a Grade 12 to a Grade 13. *See* Dkt. Entry 411. Therefore, Defendant advises that DEA shall employ these procedures unless and until some other validated, non-discriminatory promotion procedure is identified and implemented. Defendant would like to validate the pre-2004 policy that Plaintiffs asked the Court to adopt and order. *See* Dkt. Entry 401.

2. **Reconstitution of the Working Group**

The Report recommended that the Working Group be reconstituted. Defendant submits that the Working Group was constituted and functioning as of the date of the Report, and that it has continued to be active. The Working Group is comprised of Plaintiff, Defendant, and OPM representatives.

3. **DEA Special Agent Promotions to Grade 14 and 15**

The December 8, 2014 Report recommended that DEA implement a plan for Grade 14 and 15 Special Agent promotions that had been the subject of negotiations between the parties in 2008. In its February 2, 2015 Objections to the Report, Defendant offered instead to implement the validated 2003 Pulakos Plan. Since that time, DEA has taken steps to implement the 2003 Pulakos Plan with some minor modifications intended to: (1) bring the Plan more in line with technological advances over the years and (2) enhance the fairness of the process through added transparency and objectivity. Because these modifications do not change the accomplishment areas, questions related to the accomplishment areas, or rating criteria for Special Agents, the

Plan as modified otherwise mirrors the 2003 Pulakos Plan.  No later than June 30, 2017, Defendant intends to submit the Plan for review to the Working Group.  Defendant will concurrently provide the Plan to counsel for Plaintiffs for review.

Defendant expects the Working Group to concur that the modified Plan does not require separate validation.  If all are in agreement, the parties may seek to petition the Court to allow implementation of the Plan without delay.  However, if the Working Group were to conclude to the contrary, the parties will work together to identify a mutually acceptable third-party vendor to validate the Plan.

4. **Continued Oversight of DEA Compliance**

The Report recommended that DEA, through its Equal Employment Opportunity Office, continue to produce annual reports as described in the Court's 1982 Order, and that the Equal Employment Opportunity Monitoring Committee ("EEOMC") continue to monitor DEA's compliance with the Court's 1982 Order.  DEA's EEO Office has continued to produce the annual reports and the EEOMC has continued to monitor DEA's compliance.  Therefore, Defendant shall continue to oversee, through its EEO Office, DEA's compliance with the extant portions of the Court's 1982 remedial Order in this case, until such time as this case is dismissed.  As but one example of such current oversight and monitoring, Defendant is currently cooperating with Plaintiffs to provide certain statistical information to the EEOMC concerning the DEA workforce that Plaintiffs recently requested, as part of the EEOMC's oversight function.

5. **Damages at Grade 11 and Below**

Plaintiffs have indicated that they are asserting no violation of the Court's Orders with regard to Special Agents at Grade 11 and below, *see* Dkt. Entry 401 at 7.  Accordingly, Defendant will petition this Court to dismiss any outstanding Orders with regard to any potential

recovery of damages for DEA Special Agents below Grade 13, as the parties did not identify this as an outstanding issue to be resolved, *see* Dkt. Entries 370, 371.

## OBJECTIONS TO THE REPORT STILL REQUIRING RESOLUTION

The following issues remain open and will need to be resolved:

1. Whether class members are entitled to individual relief and if so, the amount of such relief and how it is to be calculated; and

2. Whether Plaintiffs' counsel are entitled to attorneys' fees and costs for work done in recent years, and if so, the amount of fees and costs.

## SUPPLEMENTARY BRIEFING

The May 25, 2017 Minute Order directs the parties to "inform the Court whether supplementary briefing is necessary in view of the notices filed." Defendant does not believe any supplemental briefing is necessary. Although the issues in the "Objections to the Report Still Requiring Resolution" above may require briefing at a later time, briefing on those issues would be premature now, as Plaintiffs have not established an entitlement to individual relief or how to calculate such relief, and Plaintiffs have also not yet provided the financial accounting on fees contemplated by the Report. *See* Report (Dkt. Entry 395) at 13.

June 7, 2017

Respectfully submitted,

| | |
|---|---|
|           /s/                     <br> Steven F. Cherry, D.C. Bar #431473 <br> Daniel S. Volchok, D.C. Bar #497341 <br> Brian C. Smith, D.C. Bar #502323 <br> Dyanne M. Griffith, D.C. Bar #1002918 <br> Andrew Mendrala, D.C. Bar #1009841 <br> Erin Kuhls, D.C. Bar #1015551 <br> WILMER CUTLER PICKERING <br>    HALE & DORR LLP <br> 1875 Pennsylvania Avenue N.W. <br> Washington, D.C. 20006 <br> Tel.: 202.663.6000 <br> Fax: 202.663.6363 <br><br> for Plaintiffs | CHANNING D. PHILLIPS, DC Bar #415793 <br> United States Attorney <br><br> DANIEL F. VAN HORN, DC Bar #924092 <br> Chief, Civil Division <br><br> By:                                 /s/     <br>    W. MARK NEBEKER, DC Bar #396739 <br>    Assistant United States Attorney <br>    Civil Division <br>    555 4th Street, N.W. <br>    Washington, DC 20530 <br><br> for Defendant |