## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HENRY W. SEGAR, et al.,       )
                   Plaintiffs,    )
                                )
      v.                   )       Civil Action No. 77-81 (EGS)
                                )
WILLIAM P. BARR and       )
UTTAM DHILLON,          )
                                )
               Defendants.[1] )
                                )

## JOINT STATUS REPORT

Pursuant to this Court's June 25, 2019 minute order in this case, the parties, having conferred, submit this joint status report regarding both the status of their compliance with the Court's order (Dkt. No. 423) granting in part plaintiffs' motion for compliance, and their recommendation for further proceedings.

### 1. Reconstitution of the Working Group

As reflected in the Court's June 25 memorandum opinion (Dkt. No. 424), the Working Group has been reconstituted and is fully functioning. The three current members of the Working Group are Dr. Suzanne Tsacoumis, Dr. Henry Thibodeaux, and Dr. Margaret Barton. Therefore, the parties agree that no further action from the Court is required on this item.

---

[1] Defendant(s) object(s) to plaintiffs' caption of the case, which lists the DEA Acting Administrator, Uttam Dhillon, as a defendant because, under Title VII, the only proper defendant is the head of the agency, which, in this case, is the Attorney General in his official capacity. Dkt. No. 315, at 1 n.1. Plaintiffs do not agree and addressed these arguments in Dkt. No. 320, at 2 n.1, and Dkt. No. 401, at 2 n.2. While DEA does not waive this argument, DEA agrees solely for purposes of this Joint Status Report to the use of the plural form "Defendants" for ease of reading.

2. **Ongoing Supervision**

The Equal Employment Opportunity Monitoring Committee ("EEOMC") continues to monitor compliance by the Drug Enforcement Administration ("DEA") with this Court's earlier orders to cease discrimination. DEA will continue to produce annual reports to the EEOMC through its Equal Employment Opportunity Office. It will also continue to make available travel funding for the EEOMC's quarterly meetings, pursuant the Court's minute order dated August 30, 2017. Therefore, the parties agree that no further action from the Court is required on this item.

3. **Promotions to GS-14 and GS-15**

This Court found that, "[b]ecause the Pulakos Plan is the only plan that meets the requirements of a validated non-discriminatory plan, the Court is inclined to order the use of that Plan with a few modifications." Dkt. No. 424, at 14. The Court ordered defendants to submit a modified version of the "Pulakos Plan" that includes "specific time frames and deadlines for the various steps in the promotion process, and rating criteria to evaluate promotion candidates' accomplishments." *Id.* Prior to this Court's June 25, 2019 opinion and order, defendants provided to the parties and the Working Group a modified version of the Pulakos Plan (Modified Plan), and the parties and Working Group exchanged correspondence about it. It is defendants' position that the Modified Plan contains specific time frames and deadlines, as well as rating criteria to evaluate promotion candidates' accomplishments. It is plaintiffs' position that the Modified Plan does not meet the criteria set forth in this Court's prior orders. Defendants have agreed to review the Modified Plan in light of the Court's recent order and the prior feedback from plaintiffs and the Working Group and will submit a revised draft to plaintiffs and the Working Group as soon as possible. While defendants are not able to provide an estimated date at this time by which revisions

will be provided, due to staffing constraints and travel of key employees responsible for the revisions, defendants will provide such a date by the time the next Joint Status Report is filed.

Plaintiffs take the position that, if plaintiffs and the Working Group agree to defendants' revised draft, the Plan will then undergo validation.

Defendants disagree with plaintiffs' position.  Defendants take the position that the Court did not pre-suppose that the Plan would need validation.  Defendants note that the Court stated that "[i]f plaintiffs and the Working Group concur with the modified plan, the parties shall request implementation of the plan for future promotion practices, subject to a decision by the parties as to whether the plan requires further validation." Dkt. No. 424, at 15.

The parties agree to update the Court as to the status of their meet and confer regarding the Plan and the issue of validation when they file their next Joint Status Report.

The parties also agree that, if the Plan requires validation, defendants will, with plaintiffs' consent, select an appropriate vendor to conduct the validation.

4. **Individual Relief**

On Thursday, July 25, 2019, plaintiffs submitted to defendants a proposed damages methodology, which is attached to this report as Exhibit A.  As of the filing of this Joint Status Report, defendants have not yet had an opportunity to complete their review of the proposed methodology, or to determine whether it will be necessary to retain an expert for purposes of this review.  Defendants will advise plaintiffs and the Court by the date of the next Joint Status Report whether they intend to retain an expert for this purpose.

In order to calculate relief, on July 15, 2019, plaintiffs asked defendants to provide, in spreadsheet format, GS-14 and GS-15 vacancy and promotion data from 1993 to the present, as

well as promotion histories for plaintiff class members reflected in that data.  Vacancy and promotion data includes:

- Career Board meeting dates,

- Vacancy numbers,

- Opening and closing dates of vacancies,

- Employee IDs of the individuals on the Best Qualified Lists ("BQLs") for each vacancy,

- Race information for the individuals on the respective BQLs for each vacancy,

- First and last names of plaintiff class members appearing on the BQLs, and

- A designation of which individual(s) were selected for promotion from the respective BQLs.

Promotion histories include:

- The name of each plaintiff class member,

- The date each plaintiff class member was hired,

- The position(s) to which each plaintiff class member was promoted,

- The date of each plaintiff class member's promotion, and

- The date of each plaintiff class member's separation or retirement, if applicable.

Defendants have agreed to provide plaintiffs with the requested data.  Defendants are in the process of obtaining an estimate from the individuals responsible for compiling the data of how long it will take to compile and produce the data.  Defendants will advise plaintiffs and the Court by the date of the next Joint Status Report of this date.

On Thursday, July 25, 2019, plaintiffs requested additional data relevant to the proposed damages methodology (*see* paragraph 2 on page number 2 of Exhibit A, lines 12-23).  Defendants need to meet and confer with plaintiffs to understand the request and whether such data can be

produced in response.  Defendants will review the requests, make these determinations, and will update the Court on the issue by the date of the next Joint Status Report.

**5.  Attorneys' Fees**

On July 25, 2019, Plaintiffs submitted to defendants a motion for attorneys' fees from June 1996 to the present.  The motion, which is attached as Exhibit B to this report, includes information on the number of attorneys involved, the experience of those attorneys, the amount of time each attorney worked on the matter, and the deductions and rate adjustments that plaintiffs have made. As of the filing of this Joint Status Report, defendants have not yet had an opportunity to complete their review of Exhibit B, or to determine whether it will be necessary to retain an expert for purposes of this review.  Defendants will advise plaintiffs and the Court by the date of the next Joint Status Report whether they intend to retain an expert for this purpose.

**6.  Recommendation for Further Proceedings**

The parties recommend that the Court order them to file another Joint Status Report by August 29, 2019, on the progress of the matters described above.

Respectfully submitted,

_____/s/    Brian C. Smith_____
Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING
  HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel.:  202.663.6000
Fax:  202.663.6363

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: /s/      Derek Hammond
DEREK S. HAMMOND,
D.C. Bar No. 1017784
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2511
derek.hammond@usdoj.gov