**<u>Exhibit B</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HENRY W. SEGAR, et al.,

               Plaintiffs,

    vs.

WILLIAM P. BARR and
UTTAM DHILLON,

               Defendants.

Civil Action No. 77-0081 (EGS)

**PLAINTIFFS' MOTION FOR AWARD OF**
**COSTS, INCLUDING ATTORNEYS' FEES**

    Pursuant to 42 U.S.C. § 2000e-5(k), Federal Rule of Civil Procedure 54(d), and Local Civil Rule 54.2, plaintiffs move for an order awarding them attorneys' fees and costs reasonably incurred in connection with this litigation between June 1, 1996, and June 25, 2019 (inclusive). For this 23-year period, plaintiffs seek $12,241,708.50 in attorneys' fees and $770,851.37 in costs. The factual basis and legal grounds for this request are set out in the accompanying memorandum and attached exhibits.[1]

---

[1] This Court ordered plaintiffs to provide defendants with a detailed request for attorneys' fees from June 1996 to the present. Dkt. 424 at 10-11. Plaintiffs are entitled to fees and costs for the entire duration of the litigation, which is ongoing. Plaintiffs thus reserve the right to update their request for fees and costs to account for periods after the one covered by this motion.

Respectfully submitted,

/s/ Brian C. Smith
Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING
    HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C.  20006
Tel.:  202.663.6000
Fax:  202.663.6363

Date: July 26, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HENRY W. SEGAR, et al., | |
| Plaintiffs, | |
| vs. | Civil Action No. 77-0081 (EGS) |
| WILLIAM P. BARR and UTTAM DHILLON, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF COSTS, INCLUDING ATTORNEYS' FEES**

Since the 1970s, the Drug Enforcement Administration (DEA) has engaged in race discrimination in its employment practices, in violation of Title VII of the Civil Rights Act of 1964. Plaintiffs, a class of current and former African-American special agents of the DEA, filed this case in 1977 to end those discriminatory practices. After a trial, this Court ruled in plaintiffs' favor, and the D.C. Circuit largely upheld that ruling. *See Segar v. Civiletti*, 508 F. Supp. 690, 712-715 (D.D.C. 1981) (Robinson, J.), *aff'd in relevant part sub nom. Segar v. Smith*, 738 F.2d 1249 (D.C. Cir. 1984). In 1982, this Court ordered defendants to implement promotion procedures that were validated by the Working Group and that "neither have a disparate impact on Black agents nor effectuate disparate treatment of Black agents." *Segar v. Smith*, 1982 WL 214, at *4 (D.D.C. Feb. 17, 1982). Because defendants have not willingly complied with the Court's order, plaintiffs have since spent decades litigating to bring them into compliance.

For example, twenty years ago, this Court, after an evidentiary hearing, agreed with plaintiffs that defendants were continuing to discriminate in promotions. *See* Dkt. 35 at 22.

- 1 -

The Court subsequently approved a joint stipulation regarding interim procedures to be used for the promotion of DEA agents to Grades 14 and 15, pending prompt development and implementation of validated, nondiscriminatory promotion procedures.   But DEA failed to follow through; it never implemented any such validated, nondiscriminatory promotions procedures.   *See* Dkt. 46.   In 2002, this Court approved another joint stipulation regarding promotion procedures to the Senior Executive Service ("SES").   Twelve years ago, in 2007, the D.C. Circuit held (after this Court conducted a bench trial) that defendants had violated that order by failing to follow the agreed-upon procedures for SES promotions.   *See Segar v. Mukasey*, 508 F.3d 16, 17-18 (D.C. Cir. 2007).   And over four years ago—after defendants fought for nearly five years against plaintiffs' latest motion for contempt and compliance— Magistrate Judge Facciola endorsed plaintiffs' position and recommended that practically all of their requested relief be granted.   *See* Dkt. 395.   This Court has now adopted that report and recommendation in part.   *See* Dkt. 424.

These various victories—and other progress that has been made through this litigation toward ending defendants' discrimination—have been the result of many thousands of hours that plaintiffs' counsel have worked on this case.   Title VII authorizes compensation for those hours (and associated costs), *see* 42 U.S.C. § 2000e-5(k), and this Court has previously awarded fees for counsel's work in this matter, *see, e.g.*, *Segar v. Smith*, 1982 WL 214, *10 ("Plaintiffs, as prevailing parties, are entitled to an award of costs, including reasonable attorneys' fees[.]"); Stipulation of Settlement and Payment of Attorneys' Fees and Costs at 3 (Oct. 19, 1987) (awarding attorneys' fees through May 31, 1987).   But plaintiffs have not received any compensation for work since May 31, 1996— more than two decades.   Plaintiffs' work during that time, moreover, was far from minimal;

to the contrary, it included a bench trial, multiple evidentiary hearings, TRO/PI proceedings,

an appeal to the D.C. Circuit, and at least five rounds of negotiations and mediations.

Magistrate Judge Facciola recommended that plaintiffs be awarded attorneys' fees

beginning in June 1, 1996, once they provided a detailed request for attorneys' fees, and he

further recommended that defendants have the opportunity to review the request and "file

any necessary opposition" if the parties cannot reach agreement on the amount of the fee

awards.  Dkt. 395 at 13.  This Court adopted that recommendation.  Dkt. 424 at 10-11.

Plaintiffs should be awarded $13,012,559.87 in attorneys' fees and costs for the period from

June 1, 1996, through June 25, 2019.   In arriving at that figure, plaintiffs—to avoid

protracted litigation as to the reasonableness of their request—have made significant

reductions, discussed below, to both the hourly rates used and the number of hours worked.

## DISCUSSION

### I.     PLAINTIFFS ARE PREVAILING PARTIES

Plaintiffs are considered prevailing parties, and thus entitled to attorneys' fees, "if

they succeed on any significant issue in litigation which achieves some of the benefit the parties

sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiffs are

prevailing parties in this case.  This Court has confirmed that DEA must comply with its prior

orders by conferring with the Working Group and EEOMC to implement validated, non-

discriminatory promotion procedures at Grades 14 and 15, and ordered that DEA undergo

continued monitoring by the EEOMC for compliance with this Court's orders.   This is in

addition to the various victories that plaintiffs achieved during the time period covered by this

fee request.  *See supra* at pp. 1-3; *see also infra* 7-8.

## II.     THE REQUESTED FEES ARE REASONABLE

Title VII allows this Court, in its discretion, to award "reasonable" attorneys' fees.  42

U.S.C. § 2000e-5(k).  A reasonable fee is determined by calculating the lodestar—the number

of hours reasonably expended multiplied by a reasonable hourly rate.  *See, e.g.*, *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir.

1980) (en banc).  The fees requested here satisfy the two relevant parts of the three-part analysis

that the D.C. Circuit applies to assess the reasonableness of requested fees:  (1) determining the

reasonable hourly rate; and (2) determining the number of hours reasonably expended.  *See*

*Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).[1]

### A.      **Counsel's Hourly Rates Are Reasonable And Are Recoverable At The Current Hourly Rate**

#### 1.      *Counsel's hourly rates are reasonable*

A reasonable hourly rate for calculating attorneys' fees is one that is appropriate given

the attorneys' billing practices, their skills and experience, and the prevailing market rate in the

relevant community.  *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984) (fee applicants must

"produce satisfactory evidence" that "the requested rates are in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and

reputation"); *Laffey v. Nw. Airlines, Inc.*, 746 F.2d 4, 32 (D.C. Cir. 1984), *overruled on other*

*grounds by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988).

Here, the hourly rates that plaintiffs used to calculate the loadstar are the standard billing rates

that WilmerHale charges to clients, which are highly probative evidence of the prevailing

market rate.  *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir.

---

[1] The third factor, whether the use of multipliers is merited, is not relevant here because plaintiffs are not seeking an enhancement or multiplier.

1982) (per curiam). In fact, the presumption in this circuit is that the prevailing market rate for a

firm's services is the firm's customary billing rates:

> [W]hen fixed market rates already exist, there is no good reason to
> tolerate the substantial costs of turning every attorneys fee case
> into a major ratemaking proceeding. *In almost every case, the
> firms' established billing rates will provide fair compensation.*
> The established rates represent the opportunity cost of what the
> firm turned away in order to take the litigation; they represent the
> lawyers' own assessment of the value of their time.

*Laffey*, 746 F.2d at 31 (emphasis in original); *Wilcox v. Sisson*, 2006 WL 1443981, at *2-5

(D.D.C. May 25, 2006). Courts apply this presumption because "the most fundamental

economic analysis indicates that ... the rate that [a firm] charges its clients is the market rate."

*Adolph Coors Co. v. Truck Ins. Exchange*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005). Consistent

with this case law, this Court has previously deemed WilmerHale's standard billing rates for

both lawyers and paralegals to be reasonable. *See Miller v. Holzmann*, 575 F. Supp. 2d 2, 12-

16 (D.D.C. 2008).[2]

 2. *Plaintiffs are entitled to recover fees for the entire relevant period at their
  counsel's current billing rates*

Given the length of time since attorneys' fees were last paid in this litigation, plaintiffs

are entitled to recover all fees at WilmerHale's current billing rates, rather than at the rates in

place when the work was performed. The Supreme Court has held that using current market

rates is an acceptable way to compensate prevailing parties when there is a delay in payment,

*Missouri v. Jenkins*, 491 U.S. 274, 284 (1989), and the D.C. Circuit has "frequently employed

the Supreme Court's suggested method," *Miller*, 575 F. Supp. 2d at 19; *see also Murray v.

Weinberger*, 741 F.2d 1423, 1433 (D.C. Cir. 1984).

---

[2] Counsel may seek fees at prevailing market rates despite having represented plaintiffs on a pro
bono basis throughout the nearly forty years this litigation has persisted. *See Save Our
Cumberland Mountains*, 857 F.2d at 1524; *Copeland*, 641 F.2d at 900.

To avoid disputes, however, about the reasonableness of their rates (or other issues), plaintiffs have deeply discounted their requested hourly rates in two ways.  First, plaintiffs discounted all partner and counsel time to an $800 flat billing rate for the entire relevant period. WilmerHale's median rates are approximately $1,340 for partners and $945 for counsel, which results in a significant discount for time billed by lawyers at these seniority levels. Second, plaintiffs have used the lowest billing rate for each non-partner and non-counsel employee title. For example, rather than distinguish between first-, second-, and third-year associates (as the firm does with paying clients), plaintiffs simply applied the current billing rate for first-year associates to *every* associate-hour billed, and did the same for all other levels of seniority— both attorneys and support staff.  This can be a variation of hundreds of dollars per hour, so overall it represents a significant discount to the amount that could be sought.

**B.      The Hours Expended By Counsel Are Reasonable**

The second element in determining reasonableness of a fee request is evaluating the number of hours claimed by counsel.  Here, the hours claimed are reasonable.

*1.      The case has a lengthy history*

Plaintiffs seek reimbursement for 19,982.6 hours of attorney time and 5,026.77 hours of support-staff time.  That figure is eminently reasonable considering that it covers well over two decades worth of work—years in which plaintiffs' counsel both actively litigated this case (in this Court as well as on appeal) and successfully negotiated resolution of aspects of the case beneficial to plaintiffs.  More specifically, the major categories of work covered by the requested hours includes the following:

- Extensive and largely successful motions practice during pre-trial periods;

- Completing discovery, including reviewing documents, taking and defending fact and expert depositions, retaining and working with expert witnesses;

- 6 -

- Preparing for and litigating a bench trial to enforce the terms of this Court's orders;

- Conducting a successful appeal to the D.C. Circuit regarding SES promotions;

- Preparing for and conducting successful evidentiary hearings, including on October 27, 2014, in connection with the still-pending motion for contempt and compliance;

- Preparing for and conducting successful TRO/PI proceedings;

- Coordinating and communicating with plaintiff class representatives;

- Coordinating with the *Segar* Working Group and other experts in developing non-discriminatory promotions procedures as required by this Court's orders.

The reasonableness of the hours requested for all this work is underscored by the important relief that counsel secured for plaintiffs, including this Court's 1999 order obligating DEA to implement a valid process for GS-14 and GS-15 promotions, and the D.C. Circuit's ruling regarding SES promotions.  Moreover, the requested hours—which are documented by the contemporaneous time records accompanying this fee request in Exhibit 3, *see Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327 (approving this approach)—do not include time that plaintiffs' counsel would not have billed to paying clients, *see Copeland*, 641 F.2d at 891. (Indeed, plaintiffs have deducted large amounts of time that are routinely billed to paying clients.)  Finally, plaintiffs note that a large portion of the requested time was necessitated by defendants' refusal to comply with this Court's orders.  That is relevant because the Supreme Court has explained that defendants "cannot litigate tenaciously and then … complain about the time necessarily spent by [plaintiffs] in response."  *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (quotation marks omitted).

2.      *Plaintiffs' counsel have substantially reduced their fee request*

The Supreme Court has explained that plaintiffs "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.  Consistent with this admonition, plaintiffs' counsel have excluded hundreds of hours of recorded time in an effort to provide this Court with a conservative request that will avoid unnecessary, protracted litigation over the request's reasonableness.  *See* Ex. 6, Smith Decl. ¶¶ 17-20.  In total, WilmerHale has excluded over 5,100 hours of work, accounting for a reduction in fees of more than $1.6 million before applying the current billing rate to time worked.

*First*, counsel excluded all time—totaling about 555 hours—for the 147 firm attorneys and staff members who worked fewer than 15 hours on the matter during the relevant period, as well as all time—totaling 330 hours—for the twelve summer associates who worked on this matter during the relevant period.  Counsel excluded these hours despite the fact that these individuals made valuable contributions to the case.  These exclusions resulted in an approximate $150,000 reduction in requested fees before applying the current billing rate to time worked.  *See* Smith Decl. ¶¶ 18-19.

*Second*, counsel excluded or discounted certain categories or types of time entries.  *See* Smith Decl. ¶ 20.  In particular:

- Counsel excluded time spent transitioning lawyers on and off the matter;

- Counsel excluded all time spent on administrative matters, such as coordinating calls and meetings;

- Counsel excluded all time spent by project assistants on purely clerical matters that did not require knowledge of the facts or law of the case;

- Counsel only included time for two lawyers' attendance at any meeting, deposition, or hearing that more than two lawyers attended, even though the

- 8 -

additional lawyers' attendance was, in counsel's view, necessary and reasonable;

- Counsel reduced by ten percent any "block billed" time entry. *See* Smith Decl. ¶ 20; *see also In re Olson*, 884 F.2d 1415, 1428-1429 (D.C. Cir. 1989) (imposing the same reduction);

- Counsel discounted by five percent all time billed by partners that could be characterized as supervising junior attorneys;

- Counsel discounted by fifty percent all time billed for work related to a discovery dispute that resulted in some of the requested relief being denied but other aspects granted. *See* Dkt. 335; Minute Order (July 11, 2012).

These and other exclusions and reductions lowered the number of hours for which fees are sought by approximately 4,215 hours. *See* Smith Decl. ¶¶ 17-20. The fees that remain after these exclusions are well below what plaintiffs reasonably could have requested. No further reductions, therefore, should be made.

## III.   The Requested Costs Are Reasonable

An award of fees may encompass costs routinely charged to clients, provided that the costs are reasonably incurred and reasonable in amount. *Laffey*, 746 F.2d at 30; *Holbrook v. D.C.*, 305 F. Supp. 2d 41, 46 (D.D.C. 2004) (citing cases). Such costs may include those listed in 28 U.S.C. § 1920, such as filing, transcript, and witness fees; photocopies; postage; courier services; expert fees; and computerized research. *See Holbrook*, 305 F. Supp. 2d at 46 (noting that copying and postage are "traditionally considered part of a reasonable attorney's fee" and citing cases); *Castle v. Bentsen*, 872 F. Supp. 1062, 1068 (D.D.C. 1995) (costs defined under 28 U.S.C. § 1920 and any other "reasonable" costs are recoverable under Title VII); 42 U.S.C. § 2000e-5(k) ("a reasonable attorney's fee" under Title VII can include expert fees); *Harvey v. Mohammed*, 951 F. Supp. 2d 47, 70-72 (D.D.C. 2013) (allowing reimbursement for courier and delivery service, express mail, postage, transcripts, photocopying, filing and transcript fees, and

- 9 -

"computer-assisted research fees"); *Salazar v. Dist. of Columbia*, 991 F. Supp. 2d 39, 61 (D.D.C. 2014) (awarding reimbursement for postage, messenger services, and other costs); *Smith v. Dist. of Columbia*, 466 F. Supp. 2d 151, 161 (D.D.C. 2006) (allowing reimbursement for computer-assisted research and postage).

Plaintiffs here seek $770,851.37 in costs for the 23-year period since fees and costs were last awarded. These costs are in the general categories of postage and courier expenses, research, court services, filing fees, off-site storage, photocopying and printing expenses, expert fees, transcript fees, and witness fees. These costs are detailed and broken down by category in Exhibits 4 and 5. *See also* Smith Decl. ¶¶ 24-25.

The costs that plaintiffs seek are reasonable. The categories of costs claimed are typical of those that firms incur in this type of complex and protracted litigation. Moreover, these are not costs that WilmerHale and other law firms include in their overhead, but rather ones that are typically and reasonably charged to clients.

## CONCLUSION

Plaintiffs' motion for the requested fees and costs should be granted.

Respectfully submitted,

/s/ Brian C. Smith

Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #//497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING
  HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C.  20006
Tel.:  202.663.6000
Fax:  202.663.6363

Date: July 26, 2019

- 10 -

## CERTIFICATE OF SERVICE

On this 26th day of July 2019, a copy of the foregoing was filed electronically with the

Court.  The electronic filing prompted automatic service of the filing to all counsel of record in

this case.

/s/ Brian C. Smith
Brian C. Smith