UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. SEGAR, et al., ) | |
|         Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 77-81 (EGS) |
| ) | |
| WILLIAM P. BARR and ) | |
| UTTAM DHILLON, ) | |
| ) | |
|         Defendants.[1] ) | |
| ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's August 5, 2019 minute order in this case, the parties, having conferred, submit this joint status report regarding both the current status of their compliance with the Court's order (Dkt. No. 423) granting in part plaintiffs' motion for compliance and their recommendation for further proceedings.

**1. Promotions to GS-14 and GS-15**

In the parties' Joint Status Report (JSR), filed July 26, 2019 (Dkt. No. 426), defendants noted that they agreed to review a modified version of the Pulakos Plan (Modified Plan) in light of the Court's Opinion and Order dated June 25, 2019 (Dkt. Nos. 423, 424), and the prior feedback from plaintiffs and the Working Group. Defendants' review is ongoing. However, due to the retirement this month of defendants' Human Resources individual with primary responsibility for the review, defendants will need more time to complete their review and amend the Modified Plan

---

[1] Defendant(s) object(s) to plaintiffs' caption of the case, which lists the DEA Acting Administrator, Uttam Dhillon, as a defendant because, under Title VII, the only proper defendant is the head of the agency, which, in this case, is the Attorney General in his official capacity. Dkt. No. 315, at 1 n.1. Plaintiffs do not agree and addressed these arguments in Dkt. No. 320, at 2 n.1, and Dkt. No. 401, at 2 n.2. While DEA does not waive this argument, DEA agrees solely for purposes of this Joint Status Report to the use of the plural form "Defendants" for ease of reading.

as appropriate based on this Court's orders and prior feedback from plaintiffs and the Working Group. Defendants will provide plaintiffs and the Working Group with the Modified Plan by September 20, 2019. Plaintiffs and the Working Group will review the Modified Plan, and the parties will meet and confer regarding the Modified Plan's compliance with this Court's prior orders no later than October 18, 2019. The parties will update the Court on the status of plaintiffs' and the Working Group's positions as to the Plan itself and whether the Plan requires re-validation no later than October 25, 2019.

### 2. Individual Relief

On July 25, 2019, plaintiffs submitted to defendants a proposed damages methodology. Defendants noted in the JSR, filed July 26, 2019, that they would advise the Court and plaintiffs whether they intended to retain an expert to review the proposed methodology. Since that time, defendants have retained an expert. After the defendants' expert has reviewed plaintiffs' damages methodology, the parties will meet and confer no later than October 18, 2019, to discuss whether defendants agree with plaintiffs' damages model and to further discuss next steps.

Separately, as noted in the JSR, filed July 26, 2019, plaintiffs have made two large data requests to defendants – the first dated July 15, 2019, and the second dated July 25, 2019. On August 26, 2019, defendants provided all material responsive to the first request. Defendants have advised plaintiffs that they have some questions about the second request and that their expert will need time to review the request to help DEA determine what kind of responsive data may exist and could be produced in response. Defendants will advise plaintiffs what kind of responsive data exists and could be produced in response to the July 25, 2019 data request by October 11, 2019.

3. **Attorneys' Fees**

On July 25, 2019, Plaintiffs submitted to defendants a motion for attorneys' fees from June 1996 to the present which included a 14-page summary of fee information and more than one thousand pages of attachments.  Defendants have not yet completed their review of plaintiffs' fees or determined whether it will be necessary to retain an expert for purposes of this review.  Defendants will advise the Court and plaintiffs by the date of the next proposed JSR of the status of their review and whether they intend to retain an expert for this purpose.

Plaintiffs note that, in the JSR, filed July 26, 2019, defendants represented to this Court that they would "advise plaintiffs and the Court by the date of [this] Joint Status Report whether they intend to retain an expert for this purpose." (Dkt. No. 426).  Plaintiffs propose that defendants provide their response to plaintiffs' detailed request for attorneys' fees by October 25, 2019.

For the past month, defendants have been conducting their due diligence on experts.  Despite their best efforts and due to scheduling and other conflicts, defendants have been unable to reach a conclusion by today's date.  Defendants regret the delay and request additional time until the next status report to determine whether or not it will be necessary to retain an expert on this issue and to so advise the plaintiffs and the Court.  Defendants propose that they provide their response to plaintiffs' request for attorneys' fees by November 27, 2019.

4. **Recommendation for Further Proceedings**

The parties recommend that the Court order plaintiffs and defendants to file another Joint Status Report by October 25, 2019, on the progress of the matters described above.

                                                    Respectfully submitted,

    /s/Brian C. Smith
Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING
  HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel.:  202.663.6000
Fax:  202.663.6363


JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:  /s/Derek S. Hammond
DEREK S. HAMMOND,
D.C. Bar No. 1017784
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2511
derek.hammond@usdoj.gov