## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY W. SEGAR, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 77-81 (EGS) |
| | ) | |
| WILLIAM P. BARR and | ) | |
| UTTAM DHILLON, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

## JOINT STATUS REPORT

The parties, having conferred, submit this Joint Status Report regarding both the current status of their compliance with the Court's order (Dkt. No. 423) granting in part plaintiffs' motion for compliance and their recommendation for further proceedings.

### 1.  Promotions to GS-14 and GS-15

On January 6, 2020, the Working Group provided comments on defendants' November 25, 2019 draft of a modified version of the Pulakos Plan (Modified Plan).  The Working Group recommended in relevant part that the Drug Enforcement Administration (DEA) review its most recent job-analysis results and follow a content-oriented development process to modify the accomplishment areas, questions, and rating criteria included in the amended Modified Plan. The Working Group has also encouraged DEA to consult with the Working Group and to obtain

---

[1]  Defendant(s) object(s) to plaintiffs' caption of the case, which lists the DEA Acting Administrator, Uttam Dhillon, as a defendant because, under Title VII, the only proper defendant is the head of the agency, which, in this case, is the Attorney General in his official capacity.  Dkt. No. 315, at 1 n.1.  Plaintiffs do not agree and addressed these arguments in Dkt. No. 320, at 2 n.1, and Dkt. No. 401, at 2 n.2.  While DEA does not waive this argument, DEA agrees solely for purposes of this Joint Status Report to the use of the plural form "defendants" for ease of reading.

Working Group approval of the methodology for revising the questions, rating criteria, and validation approach.

Plaintiffs' position is that this Court's prior orders require defendants to consult with the Working Group in developing these promotion procedures, and that defendants have neither responded to the Working Group nor provided a revised Modified Plan based on these recommendations, which have now been outstanding for over three months.

The parties now agree that the final version of defendants' plan to promote Special Agents to Grades 14 and 15 must be subject to a validation study prior to being implemented, whether it is adopted pursuant to a settlement agreement or otherwise.

## 2. **Individual Relief**

Defendants have provided plaintiffs with all necessary data to calculate individual damages under plaintiffs' proposed damages methodology.  At defendants' request, on March 3, 2020, plaintiffs provided defendants with two detailed spreadsheets containing plaintiffs' individual damages calculations.  Defendants have represented that they still have outstanding questions regarding the methodology.  Plaintiffs do not agree that defendants had any outstanding questions but have requested that defendants submit a comprehensive list of such questions to plaintiffs by April 13, 2020, so that the parties may thereafter meet and confer on what further information is appropriate to resolve individual damages.

The parties do not believe a discovery period, as contemplated in this Court's June 25, 2019 order (Dkt. No. 423), is necessary at this time.  The parties will inform the Court in the next Joint Status Report as to what progress they have made.

3.  **Attorneys' Fees**

On January 17, 2020, plaintiffs filed their motion for attorneys' fees.  On March 31, 2020, this Court entered a minute order denying defendants' motion to stay briefing on that motion and setting the deadline for defendants' opposition on April 27, 2020, and the deadline for plaintiffs' reply on May 27, 2020.

4.  **Settlement Negotiations**

On March 12, 2020, defendants submitted a settlement offer, conditioned upon defendants' receiving approval from the Department of Justice, to plaintiffs.  Plaintiffs responded with a counteroffer on March 23, 2020.  Defendants responded to this counteroffer on April 2, 2020, indicating that they needed more information on plaintiffs' proposed damages methodology before issuing another counteroffer.  As noted above, the parties will continue to meet and confer to resolve questions regarding plaintiffs' damages calculations and any other outstanding issues.

Pursuant to the Court's March 31, 2020, Minute Order, plaintiffs state that they do not seek the appointment of a mediator or special master to assist with settlement negotiations at this time, and, given their experience with several mediators in the past, do not believe it would be productive.  Specifically, in 2014, this Court ordered the parties to mediate before Magistrate Judge Facciola, Dkt. 358, who concluded after a single session (and with good reason in plaintiffs' view) that further efforts at mediation would be a waste of time.  Defendants disagree that the failure of a prior mediation, which took place more than five years ago, has any bearing on the current negotiations in which the parties have made significant progress.  Defendants

further submit that the parties are in far different negotiating postures than they were in 2008 or

2014, as defendants have made clear to Plaintiffs.  Therefore, defendants believe that the parties

would benefit from the appointment of a mediator to aid them in their ongoing efforts to reach a

global settlement.  Moreover, defendants are of the view that appointment of a mediator prior to

the April 27, 2020 deadline set by the Court for defendants to respond to the attorneys' fee

motion would be particularly helpful to moving the negotiations forward and could obviate the

need for a ruling on the issue.  Plaintiffs' position, however, is that there is no meaningful

difference between the parties' negotiating posture now and at the earlier times, and that

defendants have not explained their contrary view.

5.   **Recommendation for Further Proceedings**

The parties recommend that the Court order plaintiffs and defendants to file another joint

status report by June 3, 2020, on the progress of the matters described above.

Respectfully submitted,


        /s/*Brian C. Smith (with consent)*
Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING
   HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel.:  202.663.6000
Fax:  202.663.6363


TIMOTHY J. SHEA
D.C. BAR # 437437
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:  /s/ *Derek S. Hammond*
DEREK S. HAMMOND,
D.C. Bar # 1017784
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2511
derek.hammond@usdoj.gov