UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. SEGAR, et al., )<br>               Plaintiffs, )<br>               )<br>v.                       )<br>               )<br>WILLIAM P. BARR and )<br>TIMOTHY J. SHEA, )<br>               )<br>             Defendants.[1] ) | Civil Action No. 77-81 (EGS) |

**JOINT STATUS REPORT**

The parties, having conferred, submit this report regarding both the current status of their compliance with the Court's order (Dkt. No. 423) granting in part plaintiffs' motion for compliance and their recommendation for further proceedings.

1. **Promotions to GS-14 and GS-15**

The parties have identified a mutually agreeable vendor to perform a third-party validation study prior to the implementation of any revised procedures for promotions to GS-14 and GS-15 positions.

    A.    *Plaintiffs' Statement*

Defendants have failed to engage the above-referenced mutually agreeable third-party validation vendor. On May 7, 2020, defendants indicated that they would "reach out" to the vendor "to determine if they are interested in taking on this project." This Court should order

---

[1] Defendant(s) object(s) to plaintiffs' caption of the case, which lists the DEA Acting Administrator, Timothy J. Shea, as a defendant because, under Title VII, the only proper defendant is the head of the agency, which, in this case, is the Attorney General in his official capacity. Dkt. No. 315, at 1 n.1. Plaintiffs do not agree and addressed these arguments in Dkt. No. 320, at 2 n.1, and Dkt. No. 401, at 2 n.2. While DEA does not waive this argument, DEA agrees solely for purposes of this Joint Status Report to the use of the plural form "defendants" for ease of reading.

defendants to certify to plaintiffs that they have engaged the agreed-upon third-party validation vendor by no later than one month from the date of this report (i.e., by July 3, 2020).

Defendants' representation below that they will provide a modified plan to the Working Group at some unspecified time prior to plan validation is insufficient to ensure that defendants meaningfully confer and collaborate with the Working Group in the development of that plan, as required by this Court's orders. The Court should order defendants to provide a modified plan to the Working Group by no later than July 3, 2020.

      B.      *Defendants' Statement*

Defendants responded to the Working Group's comments by letter dated June 2, 2020, making clear that they expect the Working Group's comments to be addressed in the validation of the plan, and intend to provide a modified plan for validation to the Working Group before any such validation takes place. Defendants had previously informed plaintiffs of their intent to have the Working Group participate in the validation process.

To the extent that plaintiffs indicate defendants have failed to engage the mutually-agreed upon vendor, such criticism is misplaced, as defendants have participated in multiple calls with the vendor and are working through the complexities of the government contracting process. Defendants will contract with the vendor to validate the proposed promotion plan as soon as possible, but given the complexities of the government contracting process, defendants are not sure at this time if they will be able to complete this process by July 3, 2020. Defendants propose that they update the Court and plaintiffs as to their progress by the requested date of the next Joint Status Report, August 4, 2020.

### 2. Individual Relief

A.     *Plaintiffs' Statement*

Defendants have taken a clear approach of delay with regard to individual relief. Defendants have had plaintiffs' proposed damages methodology since July 25, 2019, or more than ten months. *See* Dkt. No. 426 at 3 & Ex. A. For nearly nine months, plaintiffs conferred with, and responded to various ad hoc questions from, defendants regarding the methodology. On April 13, 2020, defendants propounded a set of new questions consisting of 29 parts and sub-parts, the answers to which, defendants claimed, were required to facilitate resolution of individual damages. Defendants never explained why the answers to these questions were necessary to facilitate continued settlement discussions. Plaintiffs responded to these questions on April 23, 2020. Defendants responded to plaintiffs' most recent settlement offer—which had been outstanding for more than two months—only yesterday (presumably so that they could so report to the Court today).

Defendants have likewise delayed in responding to inquiries from plaintiffs regarding the data defendants produced to plaintiffs for purposes of performing their damages calculations.

Plaintiffs have fulfilled their obligation to "state with certainty the damage model they propose." Dkt. No. 423, at 2. Consistent with that order, this Court should order defendants to either "concede the validity of the model," *id.*, or explain to plaintiffs in detail the basis for their objection to the model by July 3, 2020. The Court should construe defendants' failure to articulate an objection by that date as a concession of the model's validity.

B.     *Defendants' Statement*

Defendants dispute plaintiffs' characterizations of their conduct and motives. After receiving and reviewing the information, Defendants responded to plaintiffs' most recent

settlement offer by counteroffer dated June 2, 2020.[2]

The parties expect to continue negotiations by means of virtual conferencing.  Defendants will update plaintiffs by their requested date of July 3, 2020, as to whether they concede plaintiffs' damages model.

### 3. Attorneys' Fees

On January 17, 2020, plaintiffs filed their motion for attorneys' fees.  Defendants filed their opposition on May 7, 2020.  Plaintiffs' reply is currently due on July 7, 2020.  Plaintiffs plan to shortly move for leave to amend their motion for attorneys' fees; defendants will oppose the motion to amend.

### 4. Recommendation for Further Proceedings

The parties recommend that the Court order plaintiffs and defendants to file another joint status report by August 4, 2020, on the progress of the matters described above.

*A.     Plaintiffs' Statement*

Plaintiffs respectfully request that the Court order defendants to certify in the next joint status report that, on or before July 3, 2020, they (1) engaged the agreed-upon third-party vendor for plan validation; (2) provided a revised modified plan to the Working Group; and (3) conceded the validity of, or explained to plaintiffs in detail their objection to, plaintiffs' proposed damages model.  Plaintiffs further request that the Court construe defendants' failure to explain to plaintiffs in detail their objection to plaintiffs' proposed damages model by July 3, 2020 as a concession of that model's validity.

---

[2] Plaintiffs contend that defendants have likewise delayed in responding to inquiries from plaintiffs regarding the data defendants produced to plaintiffs for purposes of performing their damages calculation.  Defendants dispute this characterization and note that defendants responded to several requests from plaintiffs for additional data, including on July 15, 2019, July 25, 2019, and January 6, 2020.

B.       *Defendants' Statement*

Defendants respond to plaintiffs recommendations as follows.  Defendants proffer that they are making progress on the first item and propose that they update the Court and plaintiffs as to their progress by the requested date of the next Joint Status Report, August 4, 2020.  As to point number two, defendants agree to provide a modified plan to the Working Group by July 3, 2020.  As to the third, defendants agree to notify plaintiffs by July 3 as to whether or not they concede plaintiffs' proposed damages model.  In their June 2, 2020 letter, defendants invited plaintiffs to a video-conference to discuss settlement issues.

Respectfully submitted,

/s/ *Brian C. Smith*
Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING
  HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel.: 202.663.6000
Fax: 202.663.6363


MICHAEL R. SHERWIN
Acting United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: /s/ *Derek S. Hammond (with consent)*
DEREK S. HAMMOND,
D.C. Bar # 1017784
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2511
derek.hammond@usdoj.gov