UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. SEGAR, *et al.*, </br></br> Plaintiffs, </br></br> v. </br></br> MERRICK GARLAND and </br> D. CHRISTOPHER EVANS, </br></br> Defendants.[1] | Civil Action No. 77-0081 (EGS) |

## JOINT STATUS REPORT

The parties, having conferred, submit this report regarding both the current status of their compliance with the Court's June 25, 2019 order (Dkt. 423) granting in part plaintiffs' motion for compliance and their recommendation for further proceedings.

1. **Promotions to GS-14 and GS-15**

*Plaintiffs' Statement*

Under the Court's orders, defendants must "instill a non-discriminatory process that is validated" for promotions to GS-14 and -15. Dkt. 424 at 14. To help them develop such a process, defendants have retained DCI Consulting Group, Inc. (DCI), a human resources risk-management consulting firm in Washington, D.C. In particular, defendants retained DCI to develop and validate "Accomplishment Records" for GS-1811-14 and GS-1811-15 Special Agents. Special

---

[1] Defendant(s) object(s) to plaintiffs' caption of the case, which lists the Drug Enforcement Administration ("DEA") Acting Administrator, D. Christopher Evans, as a defendant because, under Title VII, the only proper defendant is the head of the agency, which, in this case, is the Attorney General in his official capacity. Dkt. No. 315, at 1 n.1. Plaintiffs do not agree and addressed these arguments in Dkt. No. 320, at 2 n.1, and Dkt. No. 401, at 2 n.2. While DEA does not waive this argument, DEA agrees solely for purposes of this Joint Status Report to the use of the plural form "defendants" for ease of reading.

Agents who have participated, or plan to participate, in the Special Agent Promotion Program, and who wish to apply for a promotion, are required to submit an Accomplishment Record addressing their accomplishments relevant to the next higher grade level. DEA uses Accomplishment Records in choosing which individual(s) on a Best Qualified List to promote. DCI will analyze the strength of the relationship, if any, between (1) the questions that Special Agents must answer in submitting an Accomplishment Record for a particular vacancy (2) the rating or scoring of the Accomplishment Record, and (3) the requirements of that job.

Plaintiffs expect that defendants and DCI will provide the Working Group maximum access and visibility into DCI's work for defendants and that, consistent with this Court's order, "the parties shall" immediately "seek a petition to allow implementation of the plan for future promotion practices" at the completion of the vendor's work. Dkt. 423 at 2. Plaintiffs understand that the Working Group met with DEA and DCI on May 27, 2021, to discuss certain modifications to DCI's work, and that DCI has been accommodating to the Working Group's feedback. As mentioned in the parties' previous joint status reports (Dkts. 452, 453), DCI's schedule contemplates workshops and a pilot program for the new Accomplishment Records by the end of July 2021 and preparation and submission of "Content Validity" reports to the Working Group for comment by the end of October 2021.[2]

---

[2] Content Validity reports ensure that the assessment/measurement tool relates directly back to the particular job. Where it is determined that a selection process has an adverse impact, the reports will also contain evidence of validity, including documentation showing criterion-related validity of the selection procedure. In particular, according to the requirements of Section 15 of the Uniform Guidelines on Employee Selection Procedures (U.G.E.S.P.), Content Validity reports should document, for the positions assessed (here GS-14 and GS-15 positions) when and where DCI's job analysis or review was conducted, a description of the selection procedure, evidence demonstrating that the selection procedure is related to the job, evidence of validity, and alternative procedures investigated. *See generally,* Section 15, U.G.E.S.P., *available at*: https://www.uniformguidelines.com/uniformguidelines.html.

DCI will finalize its Content Validity reports within two weeks after receiving feedback from the Working Group (and DEA). DCI is also scheduled to prepare training materials and conduct subsequent training sessions with SES panels by November 2021.

*Defendants' Statement*

Throughout the validation process, the Working Group has had meaningful and transparent access and visibility to DCI's work on the project. There is no reason to expect this will change, and defendants have encouraged DCI to include the Working Group and defendants' comments, thoughts, and suggestions.

2. **Individual Relief**

Pursuant to the Court's February 22, 2021 minute order, defendants provided plaintiffs with a corrected set of data responsive to plaintiffs' July 15, 2019, and July 25, 2019 data requests on March 11, 2021. On March 23 and April 8, 2021, plaintiffs requested additional information about the data from defendants. Defendants responded to plaintiffs' March 23 request on April 15, and responded to plaintiffs' April 8 request on April 20.

*Plaintiffs' Statement*

Since the last joint status report, plaintiffs have attempted to resume settlement negotiations. Plaintiffs submitted a settlement demand letter based on their revised individual-relief calculation to defendants on June 7, 2021. That letter requested a response by June 21. As mentioned in the parties' previous report (Dkt. 453), plaintiffs expect defendants to seriously and expeditiously engage with plaintiffs to resolve the issue of individual relief—thereby providing the financial remedy for defendants' decades of discrimination against African-American Special Agents to which this Court held plaintiffs were entitled almost two years ago. If the parties are unable to resolve promptly any remaining objections to plaintiffs' individual-relief calculation,

plaintiffs will submit the issue to the Court for resolution. Defendants previously proposed a meeting to discuss global settlement in June 2020, which did not occur because the previous data sets needed to be corrected. There was no current proposal for a meeting to discuss global settlement until June 21, 2021. Plaintiffs will engage with defendants, as appropriate, regarding the renewed request for a meeting pending a response to the instant settlement demand.

*Defendants' Statement*

DEA is actively reviewing plaintiffs' offer of settlement and is diligently working to provide an appropriate response as soon as practicably possible. Defendants have been, and continue to be, committed to working with plaintiffs in a good faith effort to promptly facilitate a final resolution of this matter through a comprehensive, global settlement. Given the scope and complexity of the calculations and considerations that must be made before providing any counter-offer, to include review of the facts and circumstances by officials with the appropriate level of authority to approve any counteroffer, defendants need reasonable time in which to substantively respond. Defendants remain eager to continue settlement discussions and have proposed a meeting with plaintiffs to discuss a global settlement, including all monetary and non-monetary elements.

3.   **Attorneys' Fees**

Pursuant to this Court's June 26, 2020 minute order, briefing on plaintiffs' motion for attorneys' fees is stayed pending this Court's resolution of plaintiffs' motion for leave to file an amended fees motion. Briefing on the latter motion was completed on July 13, 2020. Plaintiffs' June 7, 2021 settlement demand letter included a settlement offer on attorneys' fees.

4. **Recommendation for Further Proceedings**

The parties recommend that the Court order the parties to file another joint status report by August 27, 2021, on the progress of the matters described above.

Dated: June 21, 2021                                        Respectfully submitted,

*/s/ Brian C. Smith (with consent)*
Steven F. Cherry, D.C. Bar #431473
Daniel S. Volchok, D.C. Bar #497341
Brian C. Smith, D.C. Bar #502323
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel.: 202.663.6000
Fax: 202.663.6363


CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   */s/ Derek S. Hammond*
DEREK S. HAMMOND, D.C. Bar # 1017784
ROBERT A. CAPLEN, D.C. Bar # 501480
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2511
derek.hammond@usdoj.gov
robert.caplen@usdoj.gov