UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. SEGAR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, <br> Attorney General, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 77-0081 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOTICE OF PRODUCTION OF DATA TO CLASS AND THE EQUAL EMPLOYMENT OPPORTUNITY MONITORING COMMITTEE**

The Attorney General of the United States, on behalf of the Drug Enforcement Administration ("DEA"), respectfully submits this notice to inform the Court that, on or before December 5, 2022, DEA will produce additional promotion data and class contact information[1] referenced in Plaintiffs' November 22, 2022, filing (ECF No. 478), while continuing to reserve its objections to the scope of the EEOMC's information requests consistent with the Court's Order of July 30, 2002 (ECF No. 108).  Plaintiffs' November 22, 2022, filing incorrectly stated that "DEA refused to provide the EEOMC" with contact information for class members and erroneously cited an order of the Court (ECF No. 98) that was almost immediately vacated after it was entered (*see* ECF No. 100 (vacating order at ECF No. 98)).

As the Court made clear in its July 30, 2002, memorandum (ECF No. 107) accompanying its order of that same date, the extent to which the EEOMC may seek information from DEA

---

[1]  DEA relies on the National Finance Center's payroll database for information about retirees. Because the Center's data begins in 1993, DEA is only able to provide retiree data from 1993 forward.

depends on whether the requested information relates to employment practices affecting Special Agents as contemplated under the Court's February 17, 1982, Order. *See Segar v. Smith*, Civ. A. No. 77-0081, 1982 WL 214, *8 (D.D.C. Feb. 17, 1982); Memo. (ECF No. 107) ("by entering the order approving the [EEOMC] Bylaws, it is not my intention nor Judge Sullivan's to impose any additional obligations on DEA" beyond those of the 1982 Order).

On November 17, 2022, DEA previously provided promotion data to Plaintiffs. DEA will provide additional promotion data by December 5 that responds to Plaintiffs' supplemental request made on November 18.

In response to the EEOMC's request for special agent contact information, the DEA sought to meet and confer with the EEOMC by requesting clarification, consistent with the 1982 Order, about how Plaintiffs' request aligned with the Order. Although Plaintiffs have not shown how retiree contact information relates to employment practices or is required by the 1982 Order, DEA will nonetheless provide the requested contact information in a good faith effort to resolve this issue without the need to burden the Court with motions practice while continuing to reserve its objections. To the extent such information contains personally identifiable or privacy protected information DEA understands that it will be treated as confidential as required by prior orders of this Court.

\* \* \*

Dated: November 30, 2022						Respectfully submitted,

BRIDGET M. FITZPATRICK
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Derek S. Hammond*
DEREK S. HAMMOND, D.C. Bar # 1017784
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2511
derek.hammond@usdoj.gov

3