**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————

HENRY W. SEGAR, *et al.*,

          Plaintiffs,

          v.

PAMELA J. BONDI,
Acting Attorney General, *et al.*,

          Defendants.

———————————————————

        Civil Action No. 77-0081 (EGS)

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF PARTIAL SETTLEMENT**

For the reasons provided in the Court's March 28, 2025 memorandum opinion (Dkt.514), it is hereby ORDERED that plaintiffs' unopposed motion for final approval of partial settlement (Dkt.512) is GRANTED.  It is further ORDERED that:

**I.**    **Class Certification**

    1.    Pursuant to Federal Rule of Civil Procedure 23, the Court certifies a damages class of all Black current and former Drug Enforcement Administration (DEA) agents who (1) applied for one or more GS-14 or -15 level positions, (2) made the Best Qualified List for at least one such position at any time between January 21, 1993, and May 2, 2022 (inclusive), and (3) were not selected for one of more of those positions.

    2.    The Court finds that certification of this damages class is warranted because the applicable requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied.

    3.    First, the Rule 23(a) factors are met.  Specifically, a class of hundreds of people is sufficiently numerous (Dkt.514 at 20-21); questions about whether class members "were not promoted to a GS-14 or GS-15 position despite making the BQ List" because of race are

1

common to the class (*id.* at 21); the class representatives assert harms and claims that are typical of the class (*id.*); and the record demonstrates that the named representatives and class counsel adequately represent the interests of the damages class (*id.* at 21-22).

4.      Likewise, the Court finds that the damages class meets the requirements of Rule 23(b)(3).  Common issues predominate because the damages class members "would rely on the same evidence to make their claims" (Dkt. 514 at 22-23), and class resolution is superior to adjudicating class members' individual claims, especially given the "heavy cost of discovery and expert analysis … necessary to establish liability" (*id.* at 23).

5.      For the purposes of this settlement, the Court grants final certification to plaintiffs Lamont Johnson, Carlton Starling, Richard Hall, Jr., Sandra Smith, Ted Golden, Briane Grey, Marissa Lee, Robert Smith, and La Verne Matthews as class representatives, and the law firm of Wilmer Cutler Pickering Hale & Dorr LLP as class counsel.

## II.    Final Approval Of The Partial Settlement

6.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement Agreement (Dkt.502-1), as amended by the parties (Dkt.512-4), is fair, reasonable and adequate.  The Court therefore finally approves the settlement.  All terms and definitions used here have the same meanings as set forth in the Settlement Agreement (Dkt.502-1).

7.      In determining that final approval is warranted, the Court finds that the parties satisfied Rule 23(c)(2)(B) by providing the best notice of settlement practicable under the circumstances (Dkt.514 at 24-26).  The notice program was reasonably calculated to apprise the damages class of the Court's provisional certification of a settlement class, the terms of the Settlement Agreement, and each class member's right to opt-out of the settlement class or object

to the agreement.  The notice program satisfied all applicable requirements of law, including Federal Rule of Civil Procedure 23 and due process under the United States Constitution.

8.    The Court also finds that the Rule 23(e)(2) factors support the conclusion that the Settlement Agreement is fair, reasonable, and adequate.  The class representatives and class counsel have adequately represented the damages class by monitoring DEA's conduct and vigorously litigating to ensure DEA's compliance with this Court's remedial orders (Dkt.514 at 27-28); the agreement was negotiated at arm's length, as shown by the fact that "[t]he parties have spent decades litigating this case" (*id.* at 28-29) and engaged in prolonged negotiations and a mediation with Magistrate Judge Faruqui before reaching agreement; and the agreement treats class members equitably relative to each other because "the distribution plan requires that payment determinations" for each class member result from the same set of "factors set forth in the allocation plan" (*id.* at 31; *see* Dkt.502-2).  The Court further finds that the relief provided for the class is adequate because the Settlement Agreement provides a certain and substantial monetary award (96% of the amount plaintiffs sought in briefing) while avoiding the risks, costs, and delay of further litigation and appeal (*id.* Dkt.514 at 29-30), and because the agreement sets forth an effective method for distributing relief to the class and for processing class-member claims (*id.* at 30).

9.    For these reasons, the Settlement Agreement is finally approved.  The parties shall consummate the agreement according to its terms, as well as the Stipulation and Amendment to it signed by the parties.  Every such term shall have the force of an order of the Court.

10.    Payment of $12,568,035.60 shall be made from defendants to the damages class in accordance with the Settlement Agreement, the Stipulation and Amendment thereto, and consistent with federal law.

11.    If a class member is deceased, the rights and obligations of that member with respect to the Settlement Agreement shall apply to his or her estate or heirs at law.

12.    Settlement Services, Inc. (SSI) is approved to manage the distribution of claim forms and questionnaires to class members, as well as process class member payments.  The total sum of $12,568,035.60 shall be allocated to class members in individual amounts allocated by Michael Lewis, according to the terms of the allocation plan (Dkt.502-2), and consistent with the terms of the Stipulation and Amendment.

13.    To participate in the allocation and distribution of individual payments, each class member must submit a claim form (Dkt.502-6), postmarked or received by SSI no later than seventy-five calendar days after the date of this Order.  Class members may also submit an optional questionnaire (Dkt.502-6).  Within thirty calendar days of this Order, SSI shall mail each class member a claim form and questionnaire.

14.    Any claim form that is not postmarked or received by SSI within seventy-five calendar days after the date of entry of this Order shall be deemed untimely, invalid, and a waiver by the submitting claimant of any claim for monetary relief under the settlement.  Any questionnaire that is not postmarked or received by SSI within seventy-five calendar days after the date of entry of this Order shall be deemed untimely and will not be considered.

15.    The parties are authorized to use all reasonable procedures to administer the Settlement Agreement which are not materially inconsistent with this Order or the terms of the Settlement Agreement, the Stipulation and Amendment thereto, and associated allocation plan.

SO ORDERED.


Dated: April 9, 2025

_____
EMMET G. SULLIVAN
United States District Judge